IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM BUTCHER, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 10-244E |
| | ) | |
| vs. | ) | U.S. Magistrate Judge Maureen P. Kelly |
| | ) | |
| KENNETH R. CAMERON; and THE DEPARTMENT OF CORRECTIONS, | ) ) | |
| | ) | |
| Respondents. | ) | |

**OPINION**

William Butcher, ("Petitioner") was, at the time of initiating this action, a state prisoner at the State Correctional Institution in Cresson, Pennsylvania ("SCI-Cresson"). He has filed what purports to be a Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254, not to challenge his sentence or conviction but to prevent his transfer out of SCI-Cresson and into the Cambria County Jail. The cause of the transfer was apparently the overcrowded conditions at SCI-Cresson. ECF No. 9 at 6.

Because Petitioner seeks to challenge the conditions of his confinement, namely, where he is incarcerated, and because habeas petitions may not be used to challenge the conditions of confinement, the habeas petition must be dismissed as jurisdictionally improper.

**I.    RELEVANT PROCEDURAL HISTORY**

Petitioner is proceeding pro se, and initiated these proceedings on October 4, 2010, when the Clerk's Office received the Petition. The Petition was not formally docketed until October 18, 2010. ECF No. 3. The Respondents filed an Answer, indicating that Petitioner was not entitled to relief in a habeas corpus proceeding because habeas corpus was not the proper

1

jurisdictional vehicle by which to challenge his transfer from SCI-Cresson to the Cambria County Jail. ECF No. 9. All the parties have filed their consents to have the Magistrate Judge exercise plenary jurisdiction. ECF Nos. 6, 10. The case was reassigned to the undersigned in June, 2011. ECF No. 11.

## II.   DISCUSSION

In the Petition, Petitioner complains that the Pennsylvania Department of Corrections is "transferring Petitioner to a county jail which lacks or provides less facilities for the housing of long term prisoners resulting in said double jeopardy and cruel and unusual punishment as petitioner can explain fully at a hearing." ECF No. 3 at 1. By the mere filing of the Petition, Petitioner sought to have the Respondents "restrained and prohibited from transferring petitioner." Id., at 2. Because Petitioner's attempt to challenge his transfer from a state prison to a county jail does not challenge his conviction nor shorten his sentence, he may not utilize a habeas petition.[1]

Traditionally, a petition for writ of habeas corpus sought to challenge the fact or length of confinement. Preiser v. Rodriguez, 411 U.S. 475 (1973); Crawford v. Bell, 599 F.2d 890, 891

---

[1]   We note that Petitioner placed his habeas petition in the mail box on September 30, 2010, ECF No. 1-1, which apparently was the very date that he was transferred from SCI-Cresson to the Cambria County Jail. See ECF No. 9 at 3, ¶ 7. Hence, even if he were able to utilize a habeas corpus petition in order to halt the transfer, his challenge would have been moot as of September 30, 2010 because the transfer had already taken place. Moreover, it appears that during the pendency of this suit, Petitioner has been transferred back to SCI-Cresson according to the Department of Corrections Inmate Locator website that has Petitioner being housed at SCI-Cresson.
   http://inmatelocator.cor.state.pa.us/inmatelocatorweb/InmLocator.aspx
(site last visited 4/18/2012).
   Even assuming that Petitioner could use habeas to challenge his ongoing incarceration at the Cambria County Jail, again such a challenge would appear to be moot in light of his requested relief to be maintained at SCI-Cresson, given that he is now being maintained at

(9th Cir. 1979) ("[a]ccording to traditional interpretation, the writ of habeas corpus is limited to attacks upon the legality or duration of confinement."). In contrast, if a prisoner sought to challenge the conditions of confinement, his remedy was by way of an action pursuant to 42 U.S.C. § 1983, if suing state actors, or pursuant to Bivens v. Six Unknown Named Federal Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), if suing federal actors. See Tedford v. Hepting, 990 F.2d 745, 748 (3d Cir. 1993).

The United States Supreme Court has not answered the question of whether the conditions of confinement may be challenged by way of habeas corpus. See Bell v. Wolfish, 441 U.S. 520, 527 n.6 (1979)("Thus, we leave to another day the question of the propriety of using a writ of habeas corpus to obtain review of the conditions of confinement, as distinct from the fact or length of the confinement itself."). However, the Court of Appeals for the Third Circuit does appear to have answered this question, indicating that "[t]raditionally, the writ of habeas corpus has functioned to test the legality of confinement rather than the manner in which the detention is administered. Thus habeas corpus is not a proper proceeding to investigate complaints by prisoners of mistreatment since such complaints do not attack the legality of the confinement." Long v. Parker, 390 F.2d 816, 818 (3d Cir. 1968).

More recently, the Court of Appeals for the Third Circuit touched upon this issue again in Leamer v. Fauver, 288 F.3d 532 (3d Cir. 2002). In Leamer, a state prisoner sought to challenge by way of a civil rights action his placement on "Restricted Activities Program" (RAP) status. The district court dismissed the case, holding that Leamer was in effect attacking the length of his sentence and thus was required to proceed via habeas. Id. at 537-538. In rejecting the

---

SCI-Cresson.

district court's holding, the Court of Appeals held that because success in Leamer's suit would not necessarily shorten his sentence, he was not required to proceed by way of habeas.  Id. at 542 ("Leamer could not have brought his claim as a habeas claim; he did not and could not seek earlier release based on the adjudication of his constitutional claims."); id. at 543 ("The operative test . . . . is whether a favorable determination of Leamer's challenge would *necessarily imply* that he would serve a shorter sentence").   In the course of the opinion, the Court of Appeals noted that although there are similarities between habeas and civil rights actions in that both "allow prisoners to challenge unconstitutional conduct by state officers, the two are not coextensive either in purpose or effect."  Id. at 540.   The Court of Appeals went on to observe that "[t]here is only a narrow subset of actions that arguably might properly be brought as either, that is, where the deprivation of rights is such that it necessarily impacts the fact or length of detention. In a series of decisions, the Supreme Court has made it clear that for those cases, the narrower remedy, the habeas petition, is the only available avenue of relief."  Id.  In its reasoning the court characterized Leamer's challenge as a challenge to the conditions of his confinement.  Id. at 543.   Most pertinent to the present case, the Court of Appeals stated that:

> whenever the challenge ultimately attacks the 'core of habeas'– the validity of the continued conviction or the fact or length of the sentence– a challenge, however denominated and regardless of the relief sought, must be brought by way of a habeas corpus petition.   Conversely, when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under § 1983 is appropriate.

Leamer, at 542.   Now, this Court acknowledges that the last sentence of the above quote does not say that only an action under § 1983 is appropriate, and therefore a habeas action is not appropriate, nevertheless, a careful reading of the entire decision, suggests that this is precisely what the Court of Appeals meant.  See id. at 544, where the Court stated that:

> [w]hen examining whether *Preiser* and its progeny require a claim to be brought under habeas, unless the claim would fall within the "core of habeas" and [consequently] require sooner release if resolved in the plaintiff's favor, a prison confinement action such as this is properly brought under § 1983.  Leamer's claim not only does not fall within the core of habeas; **it would not be properly brought under habeas at all**.

Id. at 544 (emphasis added).   Taking this passage in context of the entire opinion, we read the Leamer decision as promoting the rule that where a claim does not necessarily challenge the fact or length of a judicially imposed sentence, then that challenge may not proceed by way of habeas.[2]

This review of Long and Leamer confirms that Petitioner may not proceed by way of habeas in order to challenge a transfer from a Department of Corrections prison to a county jail

---

[2]   The court is aware that there is authority to the contrary. See, e.g., Albers v. Ralston, 665 F.2d 812, 815 (8th Cir. 1981) (permitting habeas petitions to challenge conditions of confinement).   The court is also aware of statements that there appear to have been some areas of overlap covered by habeas and civil rights actions.  See, e.g., Lee v. Winston, 717 F.2d 888, 892 (4th Cir. 1983)("Although there may ultimately be an area of limited substantive overlap between § 2254 habeas corpus and § 1983. . ."), aff'd on other grounds, 470 U.S. 753 (1985). However, with the advent of the Anti-terrorism and Effective Death Penalty Act (AEDPA) and the Prisoner Litigation Reform Act (PLRA) and the significant consequences attached by those laws to habeas petitions and civil rights actions, the question left open in Bell v. Wolfish must be answered, and it is now necessary to draw definitive lines between habeas and civil rights actions. See   Walker v. O'Brien, 216 F.3d 626, 636-37 (7th Cir. 2000) ("courts have reviewed carefully the legislative history of both the PLRA and AEDPA and have concluded that it supports a clear line between civil actions attacking conditions of confinement (subject to the PLRA) and habeas corpus petitions attacking the fact or duration of confinement (subject to the rules governing habeas corpus)."), cert. denied sub nom., Hanks v. Finfrock 531 U.S. 1029 (2000).   Thus, even though there is Supreme Court precedent permitting state prisoners to proceed by way of habeas to challenge the conditions of their confinement, see, e.g., Johnson v. Avery, 393 U.S. 483, 485-87 (1969) and Ex Parte Hull, 312 U.S. 546, 547-549 (1941), those cases were decided before AEDPA and the PLRA and the distinctions and consequences were not as significant as today.   More importantly though, the Supreme Court itself suggested that the question is an open one for the Supreme Court in Bell v. Wolfish, notwithstanding Johnson v. Avery, and Ex parte Hull. Lastly, we find Leamer's reiteration of the Long v. Parker rule essentially settles the issue for this Circuit at least insofar as state prisoners goes.

by means of a habeas petition. Because a transfer from SCI-Cresson to the Cambria County Jail would have no impact at all on the length of Petitioner's incarceration, we find that Petitioner may not proceed by way of habeas. Instead he must proceed by way of a civil rights action. Evans v. Wayne County Corr. Facility, No. 1:CV–12–0384, 2012 WL 1183710, at *2 (M.D.Pa. March 16, 2012) (in a Section 2254 case, where the petitioner sought to challenge his transfer from a state prison to a county jail, the court held that "Petitioner Evans is not attacking his state court sentence as unlawful and is not implicating relief that may alter the term of his confinement in prison. Thus, he cannot raise his claims in a § 2254 habeas petition. Rather, he must file a § 1983 civil rights action.") (citing, *inter alia*, Leamer), *report and recommendation adopted by*, 2012 WL 1183707 (M.D.Pa. April 9, 2012).

Accordingly, the putative Petition for Writ of Habeas Corpus will be dismissed for making a claim which is not cognizable in habeas.

To the extent that one would be needed, a certificate of appealability is denied.

BY THE COURT,

/s/Maureen P. Kelly
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

Dated:   May 22, 2012

cc:   WILLIAM R. BUTCHER
      HT 6770
      SCI CRESSON
      PO BOX A
      CRESSON, PA 16699-0001

      All Counsel of Record via CM-ECF